```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
     EASTERN DIVISION
```

| | | |
|---|---|---|
| CELIA PADILLA, | ) | |
|             Plaintiff, | ) | |
| v. | ) | 14 C 7650 |
| BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) ) ) | |
|             Defendant. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

Now before the Court is Defendant Blatt, Hasenmiller, Leibsker & Moore LLC's ("Blatt") motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Blatt's motion is granted.

## **BACKGROUND**

For the purposes of the instant motion, the following well-pleaded allegations derived from Plaintiff Celia Padilla's ("Padilla") complaint are accepted as true for the purposes of this motion. The Court draws all reasonable inferences in favor of Padilla. *Purdue Research Found v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003).

On June 6, 2013, Blatt filed a complaint in the Circuit Court of Cook County ("Collection Case") on behalf of Toyota Motor Credit Corporation to collect a

consumer debt owed by Padilla. *Toyota Motor Credit Corp. v. Celia Padilla*, No. 2013 MI 133803. The Collection Case was filed at the Daley Center Courthouse, which serves Cook County's First Municipal District. When the Collection Case was filed, Padilla resided in Cook County's Third Municipal District, which is served by the Rolling Meadow Courthouse. The Rolling Meadows Courthouse was the closest courthouse to Padilla's residence when the Collection Case was instituted. On October 1, 2013, a judgment was entered against Padilla in the Collection Case at the Daley Center Courthouse. On September 30, 2014, Padilla filed a one-count complaint alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Padilla alleges that Blatt violated the venue provision of the FDCPA in filing the Collection Case at the Daley Center Courthouse as opposed to the Rolling Meadows Courthouse, which is geographically closer to her residence. On November 10, 2014, Blatt filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the court accepts as true all the factual allegations pled in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Id.* Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to

relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo*, 526 F.3d at 1084 (emphasis in original).

## DISCUSSION

Blatt argues that Padilla's claim is barred by the FDCPA's one-year statute of limitations. The FDCPA provides that any claims to enforce liability must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Blatt contends that the FDCPA's limitations period began to toll on June 6, 2013, when the Collection Case was filed. Blatt concludes that initiation of the instant suit on September 30, 2014 is beyond the one-year statute of limitations and, therefore, is not timely.

Padilla counters that the entry of a final judgment is the trigging event, which begins the statute of limitations clock. However, Padilla's contention is contrary to an abundance of authority determining the appropriate start time for an FDCPA claim. Although the Seventh Circuit has not directly addressed when the statute of limitations begins to accrue in an FDCPA collections lawsuit, two circuit courts have determined that the clock begins to run when the alleged wrongful litigation begins. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997); *Johnson v. Riddle*, 305 F.3d

1107, 1113 (10th Cir. 2002). Additionally, several district courts in this circuit have joined the aforementioned circuits in determining the statute of limitations begins to run at the filing of the wrongful litigation. *See Mako v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 cv 9600 (N.D. Ill. Jan. 20, 2015); *Hammer v. Residential Credit Solutions, Inc.*, No 13 cv 6397, 2014 WL 4477948 at *10 (N.D. Ill. Sept. 13, 2014); *Lockhart v. HSBC Finance Corp.*, No. 13 cv 9323, 2014 WL 3811102 at *1 (N.D. Ill. Aug. 1, 2014); *Hill v. Wells Fargo Bank, N.A.*, 946 F.Supp.2d 817, 825 (N.D. Ill. May 24, 2013).

Padilla attempts to circumvent the date of the case filing by arguing that the venue provision provides an alternative timing mechanism, which is not triggered by the filing of a case, but by the entry of judgment. The FDCPA venue provision states, "[a]ny debt collector who brings *any legal action* on a debt against any consumer shall . . . bring such action only in the judicial district or a similar legal entity (a) in which such consumer has signed the contract sued upon; or (b) in which such consumer resides at the commencement of the action." 15 U.S.C. §1692(i)(a)(1) (emphasis added). Padilla advocates that the statute of limitations began to run on October 1, 2013 when *legal action* was taken and an entry of final judgment was made against Padilla, which makes her October 1, 2014 case filing timely. Padilla's limited interpretation of a *legal action* ignores the initial portion of the venue provision which specifies, "any debt collector who *brings* any legal action." 15 U.S.C. §1692(i)(a)(1) (emphasis added). The FDCPA was enacted to protect consumers from "abusive,

deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). To relegate the unlawful debt collection practice to the entry of a final judgment against an individual would negate the intended purpose of the FDCPA and remove the initiation of an unwarranted lawsuit from its coverage. The initiation of a legal action is precisely what the FDCPA venue provision makes unlawful and, therefore, marks the beginning of the statute of limitations period. Padilla's FDCPA claim arose upon the filing of the Collection Suit on June 6, 2013. Since Padilla filed suit on October 1, 2013, her claim is over the one-year statute of limitations period and is untimely.

## CONCLUSION

For the aforementioned reasons, the Court grants Blatt's motion to dismiss.

_____
Charles P. Kocoras
United States District Judge

Dated: 2/5/2015